### CARNALL v. CLARK ex use HERSHEY.

PRACTICE—*When limitations pleaded after default.*—The rule that a default will not be set aside to permit a defendant to plead the statute of limitations has no application when the default has been irregularly taken, or if, in point of fact, the defendant had no notice of the pendency of the suit.

BURDEN OF PROOF—*Where limitations pleaded to set-off*—The burden of proof lies on the party who substantially asserts the affirmative of the issue and, on replication of the statute of limitations to a plea of set-off, the defendant will not be permitted to affirmatively show that his cause of action accrued within a time not barred by the statute.

CONDITIONAL SALES—*Relationship of parties and remedy.*—On a conditional sale, the relationship of debtor and creditor does not exist between the parties—the property in the thing sold passes to the vendee, subject to be divested on performance of the condition as stipulated, and if the vendee part with the property before the time to redeem expires, the vendor's only remedy is by an action for damages for breach of the covenant, and not for the recovery of the property.

APPEAL FROM SEBASTIAN CIRCUIT COURT.

HON. E. D. HAM, *Circuit Judge.*

*Clark & Williams*, for Appellant.

*First.* We submit that the court erred in striking out the defendant's plea of the statute of limitations to the plaintiff's

action. It is true that this court, in the case of *Pennington vs. Gibson*, 6 *Ark.*, 447, held that they would not where *timely service had been had*, set aside a judgment by default to let in the plea of statute of limitations. The principle of that case was never applied, except where the defendant had been duly served with process, and where he had been guilty of laches or default. See *Wilson vs. Phillips*, 5 *Ark.*, 183; *Browning vs. Roane*, 9 *Ark.*, 354; *Robinson vs. State Bank*, 11 *Ark.*, 301; *Hudson vs. Breeding*, 7 *Ark.*, 445.

A judgment by default without notice is a nullity. See *Act of 17th February*, 1859, *Pamphlet Acts, page* 172.

*Second.* The court erred in giving to the jury the instructions asked by plaintiff.

The written agreement of 3d of January, 1861, given in evidence, neither involves a promise to pay, nor the acknowledgement of a debt, nor any undertaking of Carnall on which a suit could be brought. If it had, *then the suit should have been on the instrument*, and debt on simple contract could not be maintained. 1 *Chitty Pl.*, 103; *Goodman et al. vs. Jenkins*, 14 *Mass.*, 93; *Andrews vs. Montgomery*, 19 *Johns.*, 161; *Fletcher vs. Pratt*, 7 *Black.*, 522; *Compton vs. Jones*, 4 *Cow.*, 13; *Jewell vs. Shrayrel*, 4 *Cow.*, 564.

The law presumes that it was taken as payment, and the note or obligation is at the risk of the party taking it. *Whitebeck vs. Van Ness*, 11 *Johns.* 408; *Breed vs. Cook et al.*, 15 *Johns.*, 241; *Arnold vs. Camp*, 12 *Johns.*, 409; *Markle vs. Hatfield*, 2 *Johns.*, 455; *Wilson vs. Force*, 6 *Johns.*, 110; 1 *Smith's Leading Cases, marg. p.*, 146.

But, in case the notes were taken as conditional payment only, and not as mere collateral security, on the one hand, or absolute payment on the other, the plaintiff could not recover without first accounting for these notes, and showing that she had used due diligence to collect them, and failed. *Herring vs. Sanger*, 3 *John's Cases*, 71; *Tyson vs. Pollock*, 1 *Penrose & Watts.*, 375; *Chapman vs. Sternitz*, 1 *Dallas*, 261; *Ozee vs. Spencer*, 2 *Whart.*, 253.

*U. M. Rose*, for Appellee.

The judgment recites that the defendant was served with process more than thirty days before the commencement of the term. This recital is evidence of that fact, and supplies the place of the summons. *Acts* 1858, *page* 172. After the term expired the court could not set aside the judgment. *Smith vs. Stinnett*, 1 *Ark.*, 497; *Byrd vs. Brown*, 5 *Ark.*, 709; *Rawdon vs. Rapley*, 14 *Id.*, 203; *Biscoe vs. Sandefur*, *Ib.*, 568; *Ashley vs. Hyde*, 6 *Id.*, 100; *Cossitt vs. Biscoe*, 12 *Id.*, 95; *Brooks vs. Hanauer*, 22 *Id.*, 176.

Nor could it ever be set aside by consent: *Mayor vs. Bullock*, 6 *Ark.*, 282; *McKnight vs. Strong*, 25 *Id.*, 212.

After setting aside the judgment by default, the only right defendant had, on trial of the writ of inquiry for the assessment of damages, was to cross-examine the plaintiff's witnesses, and doubtless introduce witnesses of his own to lessen the amount of damages: *Thompson vs. Hairlip*, 14 *Ark*, 220; but he was allowed to plead several pleas to the merits; this was error, but the error was in favor of the appellant, and therefore he could not complain: *Ashley vs. May*, 5 *Ark.*, 408; *Swinney vs. State*, 22 *Id.*, 216.

After appearing and having the default set aside, he could not plead that the court had no jurisdiction of his person: 1 *Saunder's Pl. & Ev.*, *p.* 1. The want of jurisdiction as to the person of the defendant is waived by an appearance: *Rhode Island vs. Massachusetts*, 12 *Pet.*, 657; *Carter vs. Bennett*, 15 *How.*, 354.

HARRISON, J.—This was an action of debt, for money loaned and money had and received, by Sarah Clark against John Carnall, commenced in the Sebastian Circuit Court, for the Fort Smith district, and, after the pleadings were made up, transferred by change of venue to the Crawford Circuit Court.

At the return term, judgment was taken against the defendant, but the same was, at the next term, before the dam-

ages were assessed, set aside upon the application of the defendant, and he filed four pleas; *nil debit*, payment, the statute of limitations and set off.

At the instance of the plaintiff, the plea of the statute of limitations was struck from the record, and she filed two replications to the plea of set off, *nil debit*, and the statute of limitations, and upon the pleadings as thus stated, issues were formed.

Upon trial, the jury returned a verdict, in favor of the plaintiff, for one thousand dollars debt, and five hundred and ninety dollars damages. The defendant moved for a new trial, which was refused, and he excepted and appealed.

Whilst it may be an established rule of practice that a default will not be set aside to enable a defendant to plead the statute of limitations, it is also well settled, that it has no application when the default has been irregularly taken, and especially, if without notice to the defendant of the pendency of the suit.

No summons is found in the record, and the bill of exceptions shows that the default was set aside, because the same was taken without notice to the defendant. It, however, appears, by the transcript, that the entry upon the record of the default showed service of process upon him, which according to the provisions of the Act of the General Assembly, of February 17, 1859, is sufficient evidence of the fact; but the default being set aside, the entry thereof is no part of the record. The court, therefore, erred in striking out the plea of the statute of limitations.

The grounds, upon which the motion for a new trial was made, were:

*First.* That the court refused to allow the defendant to produce proof of particulars of his plea of set off, in respect to which his right of action had not accrued within three years.

*Second.* Misdirection of the jury, and

*Third.* That the verdict was against the evidence.

We are unable to see that the court erred in refusing to permit the defendant to prove the matters of his set off, not within the period of limitations. Upon the issue made upon the replication of the statute of limitations to his plea of a set off, the defendant undertook to show, affirmatively, that his cause of action did accrue within three years. "The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue. 1 *Green Ev. Sec.* 74; 2 *Cromp & M.,* 658. The plaintiff, who only adduced any evidence, read to the jury the following. instrument of writing:

"This agreement, on the part of the undersigned, with Miss Sarah Clark, of Fort Smith, Arkansas, is as follows, to-wit: I have this day, in order to raise money, sold and delivered to said Miss Sarah, the following writing obligatory, to-wit: dated January 9th, 1860, for $710 due at eighteen months, with ten per cent. from date, and signed by B. T. DuVal, John King, W. B. Calhoun and S. Howard Calhoun; and also, the following note, to wit: dated January 23d, 1860, for $828$\frac{29}{100}$, due at twenty-four months, with interest at ten per cent. from date, and signed by Benj. J. Jackoway and Samuel M. Hays, payable to Samuel L. Griffith's order, and indorsed by him to me; the first writing above being payable to me or order, at and for the sum of $1000 in cash, with the understanding, however, that I am to be permitted to redeem said notes at any time within the ensuing twelve months by paying the said sum of $1000, with interest at ten per cent. per annum from this date, or at any time within twenty-four months, unless said Sarah Clark shall serve upon me a notice in writing, giving me six months notice, that unless I paid said sum of $1000 and interest within said six months, she will consider I have forfeited all right to redeem said note and writing obligatory.

Witness my hand and seal, this 3d day of January, 1861.

JOHN CARNALL, [*Seal.*]"

She also read the following indorsement thereon.

"The within note of $828 $\frac{29}{100}$, is this day given up to the undersigned. January 23, 1862.

JOHN CARNALL."

And the defendant being introduced by her, testified: That, on the 23d day of January, 1862, Griffith offered to pay him the note in Confederate money; he went to plaintiff and told her that Griffith was ready to pay it; she produced it and handed it to him and he took it to Griffith and got the money, whereupon, he returned to plaintiff, and offered to pay her, without, however, telling her in what kind of money the $1000 and the interest which had accrued. She replied that she did not need it, and that he could keep and use it; that his note, and DuVal's and King's, were amply suffiient to secure her, and she was satisfied with them. He thereupon asked for the agreement, which being produced, he made the indorsement upon it, read to the jury.

The instruction given to the jury was as follows:

"If the jury find from the evidence, that the defendant borrowed from the plaintiff the sum of one thousand dollars, and, to secure the payment thereof, executed to her the instrument of writing read to them, they shall find for the plaintiff the sum of one thousand dollars, for her debt, with six per cent. interest from the 3d day of January, 1861."

This instruction was predicated upon the hypothesis, that the money the defendant obtained from the plaintiff was borrowed, and the writing obligatory and note were placed in her hands simply as a security for its re-payment; but the contract between the parties, as evidenced by the instrument read to the jury, admits of no such construction. The writing obligatory and note, were delivered to the plaintiff upon a conditional sale, in consideration of the money the defendant received; not as a pledge or security for the re-payment of the money. There was no promise or agreement on the part of the defendant to repay the money, and the relation of debtor and creditor did not exist between them. The property in them passed to the plaintiff, subject to be divested by

the defendant within the time limited, by paying the sum of money he received with the stipulated interest. If she had parted with them before the time in which he might have redeemed expired, his only remedy would have been an action for damages for her breach of covenant, and not for their recovery. *Porter vs. Clement*, 3 *Ark.*, 364; *Johnson vs. Clark*, 5 *Arkansas*, 321.

The instruction was, therefore, erroneous and as it doubtlessly influenced the verdict, which was not sustained by the evidence, the motion for a new trial should have prevailed.

The judgment is therefore reversed, and the cause remanded with instructions to set aside the verdict, and reinstate upon the record the plea of the statute of limitations, and proceed according to law.